**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-10055

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS AERONAUTICAL INDUSTRIAL DISTRICT LODGE 776 AFL-
CIO

Plaintiff - Appellant

v.

LOCKHEED MARTIN CORPORATION, doing business as Lockheed Martin
Aeronautics Company

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-00735

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant International Association of Machinists and Aerospace
Workers Aeronautical Industrial District Lodge 776 AFL-CIO ("the Union")
appeals the district court's ruling that the Union waived any legal challenge to
a final arbitration award by failing to provide Defendant-Appellee Lockheed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Martin Corporation ("Lockheed") with timely notice of its objection in accordance with the applicable provision of the parties' collective bargaining agreement ("the CBA"), which specifies that

> [n]otice of any claims by either party that an arbitrator's award ... is invalid in whole or in part, under the laws of the State of Texas shall be served in writing upon the other party within ten (10) days after receipt of the written award in question.... The parties agree that if such notice is not given, such failure shall constitute a waiver of any legal objections to said award.

The Union concedes that it did not serve Lockheed with written notice of its objection within ten days of receiving the arbitrator's award in writing. In fact, the Union never served Lockheed with such notice. As the award thus became final after the passage of the CBA's specified time in which to serve written notice of invalidity, the arbitrator lacked any authority to revisit the award.

Having heard the arguments of opposing counsel and having reviewed the record on appeal and the applicable law, we perceive no reversible error in the district court's rulings. Therefore, the judgment of that court is, in all respects, AFFIRMED.